DOUGLAS H. ALLSWORTH #017104
KUTAK ROCK LLP
8601 North Scottsdale Road, Suite 300
Scottsdale, AZ  85253-2738
(480) 429-5000
Facsimile: (480) 429-5001
doug.allsworth@kutakrock.com

BRIAN C. BUESCHER *pro hac vice*
1650 Farnam Street
Omaha, NE 68102
(402) 346-6000
brian.buescher@kutakrock.com

*Attorneys for Defendant, Trak Surgical, Inc.*

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HAM KNEE, LLC, an Arizona limited liability company | CASE NO.:  2:14-cv-01758-SPL |
| Plaintiff, | |
| v. | **ANSWER OF TRAK SURGICAL, INC.  AND CROSS CLAIM** |
| TRAK SURGICAL, INC., a Delaware corporation; HANI HAIDER and SHEIMA HAIDER, husband and wife; BRUCE LICHOROWIC and LINDA DURNELL, husband and wife. | **(Jury Trial Requested)** |
| Defendant | |

_____

| | |
|---|---|
| TRAK SURGICAL, INC., a Delaware corporation, | |
| Crossclaim Plaintiff, | |
| v. | |
| BRUCE LICHOROWIC , an individual, | |
| Crossclaim Defendant. | |

Trak Surgical, Inc. ("Trak"), pursuant to Rules 8, 12, and 13 of the Federal Rules

of Civil Procedure, and for its (1) Answer, including affirmative defenses to the Amended

Complaint and Demand for Jury Trial ("Amended Complaint") filed by Ham Knee, LLC ("Ham Knee"), and (2) Crossclaim against co-party, Bruce Lichorowic, states and alleges as outlined below.  Although we question whether Ham Knee has appropriately amended its Complaint under applicable Federal Rules pursuant to its "Notice of Errata" (Filing No. 44), we have nevertheless responded to the amended Complaint attached to the "Notice of Errata" (Filing No. 44) in this response, pursuant to the request of Mr. Zeitlin, representing Plaintiff Ham Knee.

## ANSWER

### BREACH OF CONTRACT
### General Allegations

1.      Trak admits the allegations set forth in paragraph 1 of the Amended Complaint.

2.      Trak denies the allegations set forth in paragraph 2 of the Amended Complaint.

3.      Trak denies the allegations set forth in paragraph 3 of the Amended Complaint.

4.      Trak denies the allegations set forth in paragraph 4 of the Amended Complaint.

5.      Trak denies the allegations set forth in paragraph 5 of the Amended Complaint.

6.      Trak admits that Bruce Lichorowic previously served as Trak's Chief Executive Officer ("CEO") but otherwise denies the allegations set forth in paragraph 6 of the Amended Complaint.

7.      Trak denies the allegations set forth in paragraph 7 of the Amended Complaint.

8.      Trak denies the allegations set forth in paragraph 8 of the Amended Complaint.

4826-5218-0769.6

9.  Trak denies the allegations set forth in paragraph 9 of the Amended Complaint.

10.  Trak denies the allegations set forth in paragraph 10 of the Amended Complaint.

11.  Trak denies the allegations set forth in paragraph 11 of the Amended Complaint.

**COUNT I**
**Breach of the Convertible Note Agreements**
**(Against Trak)**

12.  Trak restates and incorporates its responses in paragraphs 1 through 11 of the Answer as if fully set forth herein.

13.  Trak denies the allegations set forth in paragraph 13 of the Amended Complaint.

14.  Trak denies the allegations set forth in paragraph 14 of the Amended Complaint.

15.  Trak denies the allegations set forth in paragraph 15 of the Amended Complaint.

16.  Trak denies the allegations set forth in paragraph 16 of the Amended Complaint.

17.  Trak denies the allegations set forth in paragraph 17 of the Amended Complaint.

18.  Trak denies the allegations set forth in paragraph 18 of the Amended Complaint.

Wherefore, in response to Ham Knee's prayer for relief, Trak denies liability and prays that Plaintiff take nothing, that the Court dismiss Count I, and that the Court award Track its costs, attorneys' fees, and such other and further relief as appropriate under the

1  circumstances.

**COUNT II**
**Breach of Contract: The Term Sheet**
**(Against Trak)**

19.    Trak restates and incorporates its responses in paragraphs 1 through 18 of the Answer as if fully set forth herein.

20.    Trak denies the allegations set forth in paragraph 20 of the Amended Complaint.

21.    Trak denies the allegations set forth in paragraph 21 of the Amended Complaint.

22.    Trak denies the allegations set forth in paragraph 22 of the Amended Complaint.

23.    Trak denies the allegations set forth in paragraph 23 of the Amended Complaint.

24.    Trak denies the allegations set forth in paragraph 24 of the Amended Complaint.

25.    Trak denies the allegations set forth in paragraph 25 of the Amended Complaint.

26.    Trak denies the allegations set forth in paragraph 26 of the Amended Complaint.

27.    Trak denies the allegations set forth in paragraph 27 of the Amended Complaint.

28.    Trak denies the allegations set forth in paragraph 28 of the Amended Complaint.

29.    Trak denies the allegations set forth in paragraph 29 of the Amended Complaint.

30.    Trak denies the allegations set forth in paragraph 30 of the Amended Complaint.

4826-5218-0769.6

31.     Trak denies the allegations set forth in paragraph 31 of the Amended Complaint.

32.     Trak denies the allegations set forth in paragraph 32 of the Amended Complaint.

Wherefore, in response to Ham Knee's prayer for relief, Trak denies liability and prays that Plaintiff take nothing, that the Court dismiss Count II, and that the Court award Track its costs, attorneys' fees, and such other and further relief as appropriate under the circumstances.

**COUNT III**
**Securities Fraud**
**(Against All Defendants)**

33.     Trak restates and incorporates its responses in paragraphs 1 through 32 of the Answer as if fully set forth herein.

34.     Trak denies the allegations set forth in paragraph 34 of the Amended Complaint.

35.     Trak denies the allegations set forth in paragraph 35 of the Amended Complaint.

36.     Trak denies the allegations set forth in paragraph 36 of the Amended Complaint.

37.     Trak denies the allegations set forth in paragraph 37 of the Amended Complaint.

38.     Trak denies the allegations set forth in paragraph 38 of the Amended Complaint.

39.     Trak denies the allegations set forth in paragraph 39 of the Amended Complaint.

Wherefore, in response to Ham Knee's prayer for relief, Trak denies liability and prays that Plaintiff take nothing, that the Court dismiss Count III, and that the Court award Track its costs, attorneys' fees, and such other and further relief as appropriate under the

4826-5218-0769.6

circumstances.

### COUNT IV
**Common Law Fraud, Fraudulent Concealment,**
**Intentional and Negligent Misrepresentation**
**(Against All Defendants)**

40.     Trak restates and incorporates its responses in paragraphs 1 through 39 of the Answer as if fully set forth herein.

41.     Trak denies the allegations set forth in paragraph 41 of the Amended Complaint.

42.     Trak denies the allegations set forth in paragraph 42 of the Amended Complaint.

Wherefore, in response to Ham Knee's prayer for relief, Trak denies liability and prays that Plaintiff take nothing, that the Court dismiss Count IV, and that the Court award Track its costs, attorneys' fees, and such other and further relief as appropriate under the circumstances.

### COUNT V
**Arizona Securities Fraud**
**(Against All Defendants)**

43.     Trak restates and incorporates its responses in paragraphs 1 through 42 of the Answer as if fully set forth herein.

44.     Trak denies the allegations set forth in paragraph 44 of the Amended Complaint.

45.     Trak denies the allegations set forth in paragraph 45 of the Amended Complaint.

46.     Trak denies the allegations set forth in paragraph 46 of the Amended Complaint.

Wherefore, in response to Ham Knee's prayer for relief, Trak denies liability and prays that Plaintiff take nothing, that the Court dismiss Count V, and that the Court award Track its costs, attorneys' fees, and such other and further relief as appropriate under the

circumstances.

**COUNT VI**
**Breach of Fiduciary Duty**
**(Against All Defendants)**

47.     Trak restates and incorporates its responses in paragraphs 1 through 46 of the Answer as if fully set forth herein.

48.     Trak denies the allegations set forth in paragraph 48 of the Amended Complaint.

49.     Trak denies the allegations set forth in paragraph 49 of the Amended Complaint.

50.     Trak denies the allegations set forth in paragraph 50 of the Amended Complaint.

51.     Trak denies the allegations set forth in paragraph 51 of the Amended Complaint.

Wherefore, in response to Ham Knee's prayer for relief, Trak denies liability and prays that Plaintiff take nothing, that the Court dismiss Count VI, and that the Court award Track its costs, attorneys' fees, and such other and further relief appropriate under the circumstances.

**AFFIRMATIVE DEFENSES**
**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

1.     The claims set forth in the Amended Complaint fail, in whole or in part, to state a claim against Trak upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Estoppel)**

2.     The claims set forth in the Amended Complaint fail, in whole or in part, because they are barred by the doctrine of estoppel.

//

4826-5218-0769.6

1

**THIRD AFFIRMATIVE DEFENSE**
**(Prior Material Breach)**

2

3

3.      The contract-related claims set forth in the Amended Complaint (*i.e.*, Count

4

I and Count II) are barred, in whole or in part, due to Ham Knee's prior material breaches

5

of the applicable contract or contracts.

6

**FOURTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

7

8

4.      The claims set forth in the Amended Complaint are barred, in whole or in

9

part, by Ham Knee's unclean hands with respect to the matters at issue in the Amended

10

Complaint.

11

12

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate or Mitigation of Damages)**

13

5.      The claims set forth in the Amended Complaint are barred, in whole or in

14

15

part, by virtue of Ham Knee's failure to mitigate damages.

16

**SIXTH AFFIRMATIVE DEFENSE**
**(Bad Faith and/or Lack of Good Faith)**

17

18

6.      The claims set forth in the Amended Complaint are barred, in whole or in

19

part, by virtue of Ham Knee's bad faith with respect to the matters at issue in the

20

Amended Complaint.

21

22

**SEVENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

23

7.      The claims set forth in the Amended Complaint are barred, in whole or in

24

part, by the doctrine of waiver.

25

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure of Consideration)**

26

27

8.      The contract-related claims set forth in the Amended Complaint (*i.e.*, Count

28

I and Count II) fail, in whole or in part, due to a failure of consideration.

4826-5218-0769.6

**NINTH AFFIRMATIVE DEFENSE**
**(Real Party in Interest)**

9.        The claims set forth in the Amended Complaint are barred, in whole or in part, because Ham Knee is not the real party in interest.

**TENTH AFFIRMATIVE DEFENSE**
**(Failure to Plead Fraud with Particularity)**

10.       Plaintiff failed to plead the claims of fraud and securities fraud with sufficient particularity.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Trak prays that the Plaintiffs take nothing, and that Trak be awarded its costs and attorneys' fees, pursuant to A.R.S. § 12-341, A.R.S. § 12-341.01, and A.R.S. § 12-349, and any further relief this Court deems just and proper.

## CROSS CLAIM AGAINST BRUCE LICHOROWIC

### THE PARTIES

1.        Crossclaim Plaintiff, Trak Surgical, Inc. ("Trak"), is a corporation organized and existed under Delaware law with its principal place of business in Omaha, Nebraska. Trak is a citizen of Delaware and Nebraska.

2.        Crossclaim Defendant, Bruce Lichorowic ("Lichorowic"), an individual, is a citizen of California.

### JURISDICTION AND VENUE

3.        This Court has jurisdiction over this matter, including Trak's Third-Party Complaint against Lichorowic, pursuant to 28 U.S.C. § 1332, for the reason it is an action between citizens of different states (Trak is a citizen of Delaware and Nebraska, and Lichorowic is a citizen of California) and the amount in controversy, exclusive of interest and cost, exceeds the sum of $75,000.00.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint alleges violations of federal securities law and, to the extent Ham Knee proves a violation of federal securities laws as alleged in the Complaint, Trak is or may be entitled to contribution from Lichorowic.

4826-5218-0769.6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because certain actions complained of herein occurred within this judicial district.

## FACTUAL BACKGROUND

**A.      Trak's Background**

5.      Trak is an early stage medical device company formed to commercialize surgical technology equipment developed at the University of Nebraska Medical Center ("UNMC") located in Omaha, Nebraska.

6.      Trak's signature technology—developed by its current CEO, Dr. Hani Haider ("Dr. Haider")—is the first jig free, computer-assisted navigation system with real-time three-dimensional graphical feedback for surgeons to use during joint replacement surgery.

7.      Trak's technology provides faster, more accurate and simpler joint replacement by eliminating cumbersome mechanical jigs and assisting the surgeon naturally.

8.      Dr. Haider, at relevant times, served as CEO of Trak, a shareholder in Trak, and a member of Trak's Board of Directors.  Dr. Haider also serves as a professor of orthopedic surgery research at UNMC.

**B.      Background on Trak's Management Team**

9.      Lichorowic previously served as CEO of Trak.  Lichorowic also formerly served as a member of Trak's Board of Directors.

10.      Trak's Board of Directors removed Lichorowic from his position on the Board of Directors on March 9, 2014.  Trak's Board of Directors removed Lichorowic from his position as CEO of Trak in or around April, 2014.

11.      Dr. Haider at the relevant times served as CEO of Trak, a shareholder in Trak, and a member of Trak's Board of Directors.  Dr. Haider also serves as a professor of orthopedic surgery research at UNMC.

//

-10-

4826-5218-0769.6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**C.      Lichorowic Misappropriated Trak's Corporate Funds**

12.      During his tenure as CEO of Trak, Lichorowic abused his position of authority by misappropriating Trak's corporate funds for personal purposes including, but not limited to, using Trak's funds to (a) purchase expensive artwork which previously belonged to Lichorowic on terms that were not at arm's length, (b) take a lavish personal vacation to Paris, France, c) purchase numerous flights and meals which were for not legitimate business purposes, and d) grant himself large compensation without sufficient transparency or approval of the board of directors.

13.      No legitimate business reason justified Lichorowic making any of these expenditures for or on behalf of Trak.  Lichorowic's personal gain was the sole motivation for each of these expenditures.

14.      Lichorowic did not have authority from Trak to make these expenditures.

15.      Lichorowic acted outside the scope of his employment with Trak in making these expenditures.

**D.      Lichorowic Acted Outside the Scope of his Employment and Authority By Making Material Misrepresentations to Potential Investors**

16.      The Amended Complaint filed by Ham Knee alleges that Lichorowic made numerous misrepresentations regarding Trak to potential investors, such as Ham Knee, including the following:  (a) the engineering work being done in Trak's San Jose office was ahead of schedule and the product would be ready for submission to the Food and Drug Administration ("FDA") no later than in February 2014, (b) Trak's San Jose office and the lab in Nebraska were working in harmony toward the commercialization of the product, (c) a major pharmaceutical company had agreed in principle to make a substantial investment in Trak.

17.      Although the Company does not agree with all the allegations in the Complaint, Lichorowic nevertheless did not have authority from Trak to make false representations.

18.      In the event that Lichorowic made false representations, Lichorowic acted

-11-

4826-5218-0769.6

outside the scope of his employment and authority with Trak in making such representations.

**E.      Lichorowic Made Management Decisions as CEO in His Own Interest Without Board Approval**

19.      Lichorowic granted stock option shares to a company note-holder and certain favored employees, negatively impacting the company and its investors, without authorization or board of directors approval.  Lichorowic then later falsified minutes of a meeting of the board of directors to try to illustrate approval of conduct that had not been approved by the board of directors.

20.      Lichorowic, upon information and belief, participated in the creation of employee manuals that purported to provide significant additional benefits to himself and certain employees without authorization of the board of directors.

21.      Lichorowic misrepresented company finances to the board of directors, including falsifying company share value to the technical founders of the company.

22.      Lichorowic misrepresented the degree of the technical progress the company had achieved in order to secure investment in the company.

23.      Lichorowic acquired insurance policies on behalf of the company without supplying complete and accurate background information, thus resulting in the attempted rescission of the policies by the carrier, resulting in substantial damage to the company.

**FIRST CLAIM FOR RELIEF**

**(Breach of Fiduciary Duty of Care and Loyalty)**

24.      Trak realleges Paragraphs 1 through 23 as though fully stated herein.

25.      As CEO of Trak and as member of Trak's Board of Directors, Lichorowic owed Trak fiduciary duties including the duty of care and duty of loyalty.

26.      Lichorowic breached the fiduciary duty of care and duty of loyalty that he owed to Trak by misappropriating Trak's corporate funds for personal purposes including, but not limited to, using Trak's funds to (a) purchase expensive artwork which previously belonged to Lichorowic on terms that were not at arm's length, (b) take a lavish personal

vacation to Paris, France, and c) purchasing numerous flights and meals which were for not legitimate business purposes.

27.     Lichorowic further made promises to third parties that he would award them shares of the company without authorization from the board, resulting in damage to the company after his unauthorized promises were not honored by the company.

28.     Trak has been damaged by Lichorowic's breach of the fiduciary duties that he owed to Trak in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Contingent Breach of Fiduciary Duty of Care)

29.     Trak realleges Paragraphs 1 through 28 as though fully stated herein.

30.     The Amended Complaint alleges that Lichorowic made numerous misrepresentations regarding Trak to potential investors including the following:  (a) the engineering work being done in Trak's San Jose office was ahead of schedule and the product would be ready for FDA submission no later than in February 2014, (b) Trak's San Jose office and the lab in Nebraska were working in harmony toward the commercialization of the product, and (c) a major pharmaceutical company had agreed in principle and were at an advanced stage to make a substantial investment in Trak.

31.     Lichorowic did not have authority from Trak to make false representations, and acted outside the scope of his employment with Trak, to the extent he made false representations.

32.     Trak has been damaged by Lichorowic's alleged breach of the fiduciary duties that he owed to Trak in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Contribution)

33.     Trak realleges Paragraphs 1 through 32 as though fully stated herein.

34.     In the event that the allegations (as set forth in the Amended Complaint) are proven at trial, Lichorowic acted outside the scope of his employment with Trak when he

made numerous alleged misrepresentations regarding Trak to potential investors including the following:  (a) the engineering work being done in Trak's San Jose office was ahead of schedule and the product would be ready for FDA submission no later than in February 2014, and (b) a major pharmaceutical company had agreed in principle to make a substantial investment in Trak.

35.      To the extent Trak is held liable, in whole or in part, for the misrepresentations allegedly made to Ham Knee by Lichorowic, Trak is entitled to contribution from Lichorowic.

**PRAYER FOR RELIEF**

WHEREFORE, Trak prays for judgment entered against Lichorowic as follows:

(1)      For damages in an amount to be determined at trial under each of the First, Second, and Third Claims for Relief against Lichorowic;

(2)      Costs and reasonable attorneys' fees as allowed by law; and

(3)      Such other and further relief as the Court deems just or equitable or allowed by the pleadings or at law.

RESPECTFULLY submitted this 17th day of February, 2015.


Kutak Rock LLP

By:___/s/  Brian C. Buescher_____
        Brian C. Buescher (Pro Hac Vice)
        1650 Farnam Street
        Omaha, Nebraska 68102
        (402) 346-6000

            and

        Douglas H. Allsworth
        8601 North Scottsdale Road, Suite 300
        Scottsdale, AZ  85253-2738

        *Attorneys for Defendant Trak Surgical, Inc.*

4826-5218-0769.6

1

**CERTIFICATE OF SERVICE**

2

3         I hereby certify that on February 17, 2015, I electronically transmitted the

4   foregoing DEFENDANT TRAK SURGICAL, INC'S ANSWER TO AMENDED

5   COMPLAINT AND CROSS CLAIM to the Clerk's office using the CM/ECF System for

6   filing, and transmittal of a Notice of Electronic Filing to the following CM/ECF

7   registrants as follows:

8         Dale S. Zeitlin, Esq.
          ZEITLIN & ZEITLIN, P.C.
9         5050 North 40th Street, Suite 330
          Phoenix, AZ 85018
10        dale@zeitlinlaw.com

11  The following will be served by first class mail:

12        Bruce Lichorowic
          5182 Hawkstone Way
13        San Jose, CA  95138

14

15        By:/s/ Brian C. Buescher                    

16

17

18

19

20

21

22

23

24

25

26

27

28

4826-5218-0769.6